IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JACKIE GUILLORY, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. |
| vs. | ) |
| | ) NOTICE OF REMOVAL |
| HARRAH'S NORTH KANSAS CITY, LLC, | ) CIVIL ACTION |
| and DARREN E. VANDOVER, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## NOTICE OF REMOVAL

TO:  The Clerk of the above-entitled court and
all parties and their attorneys of record

PLEASE TAKE NOTICE that defendants Harrah's North Kansas City, LLC, a citizen of the States of Delaware and Nevada, and Darren E. VanDover (hereinafter "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove the above-entitled action from the Circuit Court of Clay County, Missouri to the United States District Court for the Western District of Missouri. As set forth below, this Court has original subject-matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity among all *properly* joined parties, and the Plaintiff has alleged damage claims in excess of $75,000. Complete diversity exists because Defendant Harrah's North Kansas City, LLC is not a citizen of Missouri and Defendant Darren R. VanDover has been fraudulently joined for the sole purpose of avoiding removal. Therefore, his citizenship will not destroy this Court's diversity jurisdiction.

In support of their removal, Defendants respectfully state:

**Nature of the Case and Party Citizenship**

1. Plaintiff Jackie Guillory filed her Petition on or about August 28, 2021, commencing an action styled *Jackie Guillory vs. Harrah's North Kansas City LLC and Darren*

*E. VanDover*, Case No. 21CY-CV07492 in the Circuit Court of Clay County, Missouri. A true copy of that Petition is attached hereto as Exhibit A. In her action, plaintiff seeks damages for personal injuries from an alleged fall at Harrah's North Kansas City LLC (hereinafter "Harrah's NKC") on May 5, 2018, when she proceeded through the facility entrance. *See* Exhibit A, ¶¶ 6-9. Plaintiff seeks recovery of compensatory damages for alleged injuries, including, but not limited to, permanent physical, mental and emotional pain, disability, and necessary medical treatments. *See* Exhibit A, ¶ 13. Plaintiff has requested a jury trial. *See* Exhibit A.

2. Plaintiff is a citizen of the State of Missouri. *See* Exhibit A.

3. Defendant Harrah's NCK was served a copy of Plaintiff's Summons and Petition on September 27, 2021. *See* Exhibit B. Defendant Harrah's NKC is not a citizen of the State of Missouri, in that Harrah's NKC is a limited liability company with its sole membership structured with a corporate formation ultimately in the State of Delaware and principal place of business in Nevada. *See* Exhibit C, affidavit of Christine Viggiano, corporate counsel for Caesars Entertainment, Inc.

4. Defendant Darren E. VanDover was served a copy of the Plaintiffs' Summons and Petition on September 9, 2021. *See* Exhibit D. Plaintiff alleges that Mr. VanDover was the General Manager for Harrah's NKC at the time of the alleged fall at issue in Plaintiff's Petition. *See* Exhibit A, Plaintiff's Petition, ¶ 5. Although Mr. VanDover was a resident of Missouri at the time Plaintiff filed her Petition, as discussed below, he was improperly joined to avoid removal and his citizenship should be disregarded for diversity jurisdiction purposes.

# GROUNDS FOR REMOVAL

I.   **The Procedural Requirements for Removal Are Satisfied**

5.   This action is properly removed to this Court under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1). There is complete diversity of citizenship between *properly* joined parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.   This Notice of Removal is timely under 28 U.S.C. § 1446(b) as the 30-day period for removal did not start with Plaintiff's initial Petition as the jurisdictional amount was not alleged and a non-diverse party was named. *Fleming v. Colonial Stores*, 279 F.Supp. 933, 934 (N.D.Fla. 1968) (holding "[a]s long as the claim is indeterminate from the complaint, or otherwise, the defendant may not be charged with the running of time for removal."); Exhibit A (alleging "amount greater than $25,000" in compensatory damages), ¶ 27, 35, 41. Plaintiff served interrogatory responses on February 17, 2022, in which the jurisdictional amount was alleged. However, because Plaintiff acted in bad faith by improperly naming Defendant Darren VanDover to prevent removal, this Notice of Removal would still be timely, or, alternatively, equity would warrant the extension of the removal deadline. *See* Exhibit E, Plaintiff's interrogatory responses, ¶ 21 ($1,000,000 in damages alleged); *See also Ardoin v. Stine Lumber Co.,* 298 F.Supp.2d 422, 429 (W.D.La. 2003) (Holding, in part, that equity warranted the extension of one year removal deadline where "there appeared no good reason for including non-diverse defendants other than to defeat diversity jurisdiction"). The improper joinder of Defendant Darren VanDover was made apparent by Defendant VanDover's responses to Plaintiff's interrogatories, attached hereto as Exhibit F. Given the above, Defendant's Notice of Removal should be considered timely, or, alternatively, an equitable extension of the removal

3

deadline would be warranted given Plaintiff's bad faith improper joinder of Defendant VanDover.

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other documents presently on file with the State Court are attached hereto as Exhibit G.

8. The United States District Court for the Western District of Missouri, Western Division, encompasses the Circuit Court of Clay County, Missouri, and thus is the proper forum for this action (for purposes of removal), pursuant to 28 U.S.C. §§ 105(b)(1) and 1441(a).

9. As noted above, Harrah's NKC is not a citizen of the State of Missouri, the State where this action was brought, and as discussed below, Darren VanDover was improperly joined and should be disregarded as a party for purposes of diversity jurisdiction. *See* 28 U.S.C. §1441(b).

10. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Circuit Court of Clay County, Missouri.

## II. Defendant Darren VanDover Is Improperly and Fraudulently Joined and Should Be Disregarded for Purposes of Diversity Jurisdiction

11. The citizenship of a fraudulently joined Defendant will not destroy the court's diversity jurisdiction. *Garner v. Union Pac. R.R. Co.,* No. 4:15CV00733-AGF, 2015 WL 7352281 at *4 (E.D. Mo. Feb. 16, 2016). When determining fraudulent joinder, the court must decide if there is arguably a reasonable basis for state law to impose liability and the question turns on whether Plaintiff has a colorable claim against the resident Defendant, if not joinder is fraudulent. *Id.* (*citing Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003) and *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010)).

12. Plaintiff alleged that Darren VanDover was Harrah's General Manager "at all relevant times" and his job responsibilities "included facility safety and security" and that he knew or should have know of a "defect in the walking surface" at Harrah's interior entrance by security. Exhibit A, ¶¶ 5, 8, and 12.

13. This Court discussed the possible situations of employee liability to third persons in the case of *Ridings v. Maurice*, No. 15-00020-CV-W-JTM, 2015 WL 1474080, at *4 (W.D.Mo. Mar. 31, 2015) and noted the following:

> As a general rule under Missouri law, the mere fact that a person is an "employee" of a company that might itself be liable to a plaintiff does not automatically mean that the plaintiff has a cause of action against the employee. *Barker v. Crown Drug Co.,* 284 S.W.2d 559, 561 (Mo.1955) (noting that a plaintiff misunderstood "an agent's liability to third persons" where the plaintiff assumed that merely because the defendant "was an 'employee,' or an 'agent,' or even a store 'manager' that the doctrine of res ipsa loquitur was also applicable to him"). Nonetheless, under Missouri law, "there are situations where [an employee] can be held personally liable to a third person." *State ex rel. Kyger v. Koehr,* 831 S.W.2d 953, 956 (Mo.App. [E.D.] 1992). The *Kyger* court noted two examples:
>
> First, when an employee has or assumes full and complete control of his employer's premises, his liability to the public or to invitees is the same as that of his employer. A second situation involves liability on the part of the employee who does not have complete control of the premises but may be liable for injury to third persons when he breaches some duty which he owes to such third person. The test is whether he has breached his legal duty or been negligent with respect to something over which he did have control

*Id.* citing *State ex rel. Kyger v. Koehr,* 831 S.W.2d 953, 956 (Mo.App.E.D. 1992); *See also Reeb v. Wal-Mart Stores*, Inc. 902 F. Supp. 185 (E.D.Mo. 1995). In *Reeb*, the Court held a store manager who was not in the store nor on duty at the time of the alleged incident could not have cause the plaintiff's injuries and was fraudulently joined. *Id.* at 189.

14. <u>Nowhere</u> in Plaintiff's Petition does she assert that Defendant VanDover had full and complete control of the premises of Harrah's NKC, nor does Plaintiff assert that Defendant VanDover had direct control of the walking surface at issue or that he was present or on duty at

5

the time of the alleged events. *See e.g.*, Exhibit A. Accordingly, the first exception for employee liability noted in *Ridings* (i.e., an employee that has "full and complete control" of the premises) is clearly not applicable to this case. *Ridings v. Maurice*, 2015 WL 1474080, at *4 (W.D. Mo. Mar. 31, 2015). Furthermore, even if Plaintiff *had* properly pleaded that exception allowing suits against employees (she hasn't), that allegation would be completely undermined by the fact that Mr. VanDover did not have full and complete control over the casino premises, and there is no evidence to the contrary. *See* Declaration of Darren VanDover, Exhibit H, ¶ 4. Instead, Defendant VanDover generally oversaw other individuals, one of whom was a department head that was in charge of maintaining the business premises. *Id.* at ¶ 3, 5. Prior to Plaintiff's alleged fall, Mr. VanDover had never been made aware of any alleged defect in the area of the premises where Plaintiff says she fell (Ex. H., ¶ 6), and Mr. VanDover was not even at the premises when Plaintiff allegedly fell (*Id.*, ¶ 7).

15. As to the second theory where a third party can sue an employee under Missouri law noted in *Ridings* (where an employee breaches some duty which he owes to a third person),[1] the "test" is whether the employee "breached his legal duty or been negligent with respect to something over which he did have control." Here, Plaintiff has pled no viable "duty" Mr. VanDover owed to her, at any time. Plaintiff's petition indicates that Mr. VanDover "failed to comply" with certain policies of Defendant Harrah's, but the reality is that Mr. VanDover had no direct responsibility concerning the development or implementation of policies, procedures, or training at Harrah's North Kansas City related to guest safety and does not have personal knowledge concerning the Plaintiff or the events at issue in this matter. *See* Ex. F, ¶¶ 5, 11. Mr. VanDover had no direct responsibility concerning the facility entry area at issue in this case and

---

[1] *Ridings v. Maurice*, 2015 WL 1474080, at *4 (W.D.Mo. Mar. 31, 2015).

the area of Plaintiff's fall. *Id.*, ¶¶7-8. In fact, Mr. VanDover has no personal knowledge about Plaintiff in any respect. *Id.* at ¶11.

16. To determine the basis for the key allegations in Plaintiff's petition related to his alleged liability, Mr. VanDover served Plaintiff with written discovery, asking her to identify the specific factual bases for her allegations against him. In response, Plaintiff provided no substantive information, only objections. *See* Exhibit I, Plaintiff's objections to Defendant VanDover's interrogatories. Thus, Plaintiff has been given the chance to explain her liability theory against Mr. VanDover, and Plaintiff elected not to do so.

17. As it stands, Plaintiff has pleaded no colorable claim against Mr. VanDover. Defendant Darren VanDover neither had complete control over the premises nor did he have direct control over the area at issue in Plaintiff's Petition or any personal knowledge of the Plaintiff or events at issue. Therefore, Defendant VanDover cannot be help personally liable to Plaintiff under Missouri law as this Court noted in *Ridings*. As such, there is no reasonable basis under state law to impose liability on Defendant VanDover, the only resident Defendant at the time Plaintiff filed her Petition. Joinder of Defendant VanDover was therefore fraudulent, and his citizenship should not destroy this Court's diversity jurisdiction.

Accordingly, complete diversity exists between all proper parties, the applicable procedural prerequisites under 28 U.S.C. §§ 1441 and 1446 have been met, and this Court is vested with subject matter jurisdiction over this action.

WHEREFORE, Defendants Harrah's North Kansas City LLC and Darren VanDover respectfully requests that this action be removed to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7

# DEMAND FOR JURY TRIAL

Defendants hereby request a trial by jury on all issues so triable.

Dated this 29th day of August, 2022.

Respectfully submitted,

/s/ *Joseph A. Kronawitter*
Joseph A. Kronawitter     MO # 49280
Bradley S. Taylor     MO # 63282
Horn Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
jkronawitter@hab-law.com
btaylor@hab-law.com

**Attorneys for Defendants**

# CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all person registered for ECF as of that date.

/s/ *Joseph A. Kronawitter*