| | | |
|---|---|---|
| JACKIE GUILLORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | NOTICE OF REMOVAL |
| HARRAH'S NORTH KANSAS CITY, LLC, | ) | CIVIL ACTION |
| and DARREN E. VANDOVER, | ) | |
| | ) | |
| Defendants. | ) | |

<u>NOTICE OF REMOVAL</u>

# Exhibit A

Electronically Filed - Clay - August 28, 2021 - 10:42 AM

**IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**

| | | |
|---|---|---|
| JACKIE GUILLORY, | ) | Case No. |
|     1703 Cinnabar Drive | ) | |
|     Raymore, MO 64083 | ) | Div. |
| | ) | |
|         Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HARRAH'S NORTH KANSAS CITY LLC | ) | |
|     <u>Serve Registered Agent</u>: | ) | |
|     CSC-Lawyers Incorporating | ) | |
|         Service Company | ) | |
|     221 Bolivar Street | ) | |
|     Jefferson City, MO 65101 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DARREN E. VANDOVER | ) | |
|     <u>Serve at</u>: | ) | |
|     8124 Forest Parks Dr. | ) | |
|     Kansas City, MO 64152 | ) | |
| | ) | |
|         Defendants. | ) | **JURY TRIAL DEMANDED** |

<u>**PETITION**</u>

COMES NOW Plaintiff and states as follows for her Petition for damages against

Defendants:

<u>**COMMON ALLEGATIONS**</u>

1.  Plaintiff is an individual and was at all times relevant over the age of eighteen and a

resident of Jackson County, Missouri.

2.  Defendant Harrah's North Kansas City LLC ("Harrah's") is a Missouri limited liability

company conducting business in Clay County, Missouri.

3.  At all times relevant Defendant Harrah's owned and operated a casino and hotel complex

at or about 1 Riverboat Dr., North Kansas City, MO 64116 (the "subject premises").

Electronically Filed - Clay - August 28, 2021 - 10:42 AM

4.  Defendant Darren Vandover is an individual and was at all times relevant over the age of eighteen and a Missouri resident.

5.  At all times relevant Defendant Vandover worked as General Manager at Harrah's. Defendant Vandover's job responsibilities for Defendant Harrah's included facility safety and security, among other customary duties common to managers in casino and hotel operations.

6.  The incident causing Plaintiff's damages occurred on May 5, 2018, at around 1:30 a.m. on the subject premises.

7.  On this date, Plaintiff was present on the subject premises as a patron of Defendant Harrah's and, thus, an invitee at the time of the incident causing her injuries.

8.  On this date, at Harrah's in the interior of the entrance on the second floor around where guests pass through security as they entered the casino, the subject premises had a defect in the walking surface constituting a hazard and dangerous condition of the premises ("the hazard").

9.  As Plaintiff and her companion proceeded through the second-floor entrance to enter the casino, Plaintiff's shoe became caught in the hazard causing her to fall and causing or contributing to cause injury to her right hand, right wrist, right shoulder, right arm, right ankle, neck, and back.

10. At the time of Plaintiff's fall, there was no barrier or safety device to prevent guests, including Plaintiff, from encountering the hazard.

11. At the time of Plaintiff's fall, there were no signs warning customers of the hazard.

12. Defendants knew, or should have known, of the dangerous condition of the premises and should have installed a barrier or other reasonably safe device to protect Plaintiff and others from the hazard causing them injury.

13. As a direct and proximate result of the aforementioned injuries, Plaintiff suffered from and will permanently suffer:

2

Electronically Filed - Clay - August 28, 2021 - 10:42 AM

a.  Physical, mental and emotional pain, disability, anguish and suffering;

b.  Loss of enjoyment of life;

c.  She has been required to undergo multiple reasonable and necessary medical treatments;

d.  She has been required to expend monies for medical treatment, care and monitoring;

e.  She will in the future be required to undergo reasonable and necessary medical treatment;

f.  She will in the future be required to expend monies for medical treatment, care and monitoring; and

g.  Increased risk of future medical treatment and expense, complications, disability and other consequences.

14. Due to the injuries sustained in the subject incident, Plaintiff anticipates receiving medical treatment for the remainder of her life.

15. This Court has personal jurisdiction over the parties because the claims herein arise out of the commission of a tort in the State of Missouri.

16. Venue in the Circuit Court of Clay County is proper in that the incident occurred and Plaintiff was first injured in Clay County, Missouri.

## COUNT I
## PREMISES LIABILITY OF DEFENDANT HARRAH'S

17. Plaintiff incorporates by reference the allegations set forth above as if fully set out herein.

18. Plaintiff went to the casino at Harrah's as a customer of the casino and was considered an invitee, entitling her to the highest duty of care.

19. The magnitude of risk to Plaintiff and other customers was high since the dangerous condition of the premises did not have any barrier to prevent the public, and Plaintiff, from encountering the hazard rendering the hazard dangerous.

20. The magnitude of risk to Plaintiff and other customers was further high since the hazard was not readily visible to unsuspecting customers, including Plaintiff, rendering the hazard dangerous.

21. The magnitude of risk to Plaintiff and other customers was further high since the hazard was such that a person's shoe could become entangled causing the person to fall from a standing height rendering the hazard dangerous.

22. The cost and inconvenience of barriers or safety devices is quite low compared to the risk of injury posed by the hazard.

23. The cost and inconvenience of repairing the hazard is further quite low compared to the risk of injury.

24. At the time of the subject incident, the hazard caused a dangerous condition, as a result the subject premises was not reasonably safe.

25. Defendants knew or by using ordinary care could have known of the dangerous condition of the hazard in time to remedy and or warn of such dangerous condition.

26. Defendant failed to use ordinary care in the following respects:

    a. Defendant failed to inspect for the dangerous condition;

    b. Defendant failed to detect the dangerous condition;

    c. Defendant failed to warn patrons of the dangerous condition;

    d. Defendant failed to mark or barricade the dangerous condition;

    e. Defendant failed to remove the dangerous condition;

    f. Defendant failed to fix and/or remedy the dangerous condition; and

g. In other such respects as shall be determined during discovery in this matter.

27. Such failure by Defendants directly caused or directedly contributed to cause Plaintiff's injuries as described in the Common Allegations of this Petition.

**WHEREFORE,** Plaintiff seeks judgment in Plaintiff's favor and against Defendant Harrah's for compensatory damages in an amount greater than $25,000.00 that will fully and fairly address Plaintiff's injuries and damages, and for interest and costs, and such other and further relief as this Court and jury deem just and proper.

## COUNT II
## NEGLIGENCE OF DEFENDANT VANDOVER

28. Plaintiff incorporates by reference the allegations set forth above as if fully set out herein.

29. Defendant Vandover had a duty to safely maintain the subject premises in a reasonably safe manner for customers, including Plaintiff, and was negligent by his failure to do so.

30. Defendant Vandover owed Plaintiff a duty of ordinary care, including but not limited to, keeping the premises reasonably safe for Plaintiff and others.

31. As a manager, Defendant Vandover had a duty to recognize and correct unsafe conditions of the subject premises that could potentially cause injury to customers.

32. As a manager, Defendant Vandover knew or should have known that the hazard could result in injury to customers, including Plaintiff.

33. As a manager, Defendant Vandover had a duty to train employees in safe and proper identification of hazards of the walking surfaces so as not to create an unsafe condition posing a dangerous condition to customers, including Plaintiff.

34. Defendant Vandover breached his duty to customers including Plaintiff and failed to use ordinary care in numerous respects, including, but not limited to, the following:

a. Failing to properly inspect for and detect the hazard posing a dangerous condition;

Electronically Filed - Clay - August 28, 2021 - 10:42 AM

b. Failing to provide any kind of barrier or other simple safety device that would prevent customers, including Plaintiff, from encountering the hazard;

c. Failing to provide a safer alternative method of walking surface to protect customers, including Plaintiff;

d. Failing to recognize and remedy the unsafe condition of having a hazard at the entrance to the subject premises where customers, including Plaintiff, could become injured by falling;

e. Failing to take any affirmative steps to remediate the hazard to prevent injury to customers, including Plaintiff.

f. Failing to provide any warning of the hazard to protect customers, including Plaintiff;

g. Exercising his management responsibilities in a careless and negligent manner and failing to request corporate office to provide adequately safe walking surface;

h. Allowing the hazard to develop which posed a dangerous condition to customers, including Plaintiff;

i. Failing to train store employees to identify the hazard where customers could be expected to traverse and could become injured;

j. Failing to train store employees how to barricade the hazard prevent customers from encountering the hazard and becoming injured;

k. Failing to provide an alternative for customers to enter the casino without encountering the hazard in order to avoid injury;

l. Failing to comply with Harrah's safety policies and procedures for safe walking surfaces in a manner to avoid causing injury to employees or customers;

m.  Failing to properly hire, train and supervise employees with regard to proper safety practices related to the walking surfaces;

n.  Failing to actively examine the premises to identify possible safety hazards and practices that could cause harm to customers;

o.  Failing to install and post signs warning customers that the hazard could cause them to fall and sustain injury;

p.  Failing to warn customers such as Plaintiff that the hazard existed and posed a dangerous condition and that injury could result; and

q.   Other negligent or careless actions to be supplemented after discovery.

35. Such failure by Defendant Vandover directly caused or directedly contributed to cause Plaintiff's injuries as described in the Common Allegations of this Petition.

**WHEREFORE,** Plaintiff seeks judgment in Plaintiff's favor and against Defendant Vandover for compensatory damages in an amount greater than $25,000.00 that will fully and fairly address Plaintiff's injuries and damages, and for interest and costs, and such other and further relief as this Court and jury deem just and proper.

**COUNT III**
**NEGLIGENCE OF DEFENDANT HARRAH'S**

36. Plaintiff incorporates by reference the allegations set forth above as if fully set out herein.

37. Defendant Harrah's undertook to render services to inspect and make safe the subject premises that Defendant Harrah's should have recognized were necessary for the safety and protection of Plaintiff and other individuals.

38. Defendant Harrah's had a duty to protect Plaintiff and other individuals from foreseeable risks such as the risk posed by the dangerous condition of the hazard.

7

39. Defendant Harrah's failed to exercise reasonable care and thereby increased the risk of harm to Plaintiff in the following particulars:

    a. Failed to prevent the hazard from developing into a dangerous condition;

    b. Failed to have adequate policies and procedures in place to ensure the walking surface had no defect that posed a dangerous condition;

    c. Failed to properly supervise Harrah's employees or persons acting on Harrah's behalf to ensure the hazard did not pose a dangerous condition;

    d. Failed to properly inspect to ensure the walking surface did not pose a dangerous condition; and

    e. Failed to fulfill their duties to the public and to Plaintiff in other particulars as shall be identified through discovery in this matter.

40. Defendant Harrah's breached its duty to exercise reasonable care to secure the safety of Plaintiff through its acts and omissions set forth above.

41. Defendant Harrah's breach of its duties directly caused or directedly contributed to cause Plaintiff's injuries as described in the Common Allegations of this Petition.

**WHEREFORE,** Plaintiff seeks judgment in Plaintiff's favor and against Defendant Harrah's for compensatory damages in an amount greater than $25,000.00 that will fully and fairly address Plaintiff's injuries and damages, and for interest and costs, and such other and further relief as this Court and jury deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby requests a jury in this case for all issues triable by a jury.

          Respectfully submitted,

          **DEVAULT LAW, L.C.**

          By: */s/ Rick W. DeVault*

8

Electronically Filed - Clay - August 28, 2021 - 10:42 AM

Rick W. DeVault, MO #65874
3720 NE Troon Dr., Suite 100
Lee's Summit, MO 64064
(816) 350-1600
(816) 350-1602 (fax)
Rick@DeVaultLaw.com

**ATTORNEY FOR PLAINTIFF**

9